**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JORGE GOMEZ-CARBAJAL,**

    **Petitioner,**

v.                                                                           **Case No.: 8:19-cv-1925-T-27AAS
Criminal Case No.: 8:18-cr-163-T-27AAS**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Gomez-Carbajal's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum in Support (cv Dkt. 2), the United States' Response (cv Dkt. 4), and Gomez-Carbajal's Reply (cv Dkt. 10). Upon review, the § 2255 motion is **DENIED**.

**BACKGROUND**

In 2018, Gomez-Carbajal was indicted and charged with possession of two firearms as an illegal alien (Count One), possession with intent to distribute five grams or more of methamphetamine (Count Two), carrying a firearm during and in relation to a drug trafficking crime (Count Three), and illegal reentry into the United States (Count Four). (cr Dkt. 1). He pleaded guilty to Counts Two and Three pursuant to a written plea agreement, and the remaining counts were dismissed. (cr Dkts. 23, 26; cr Dkt. 50 at 21-22).

During his change of plea hearing, Gomez-Carbajal stipulated to the factual basis in the plea agreement, which reflected that he had voluntarily reentered the United States after his fourth removal and that he had active warrants for his arrest. (cv Dkt. 23 at 16-18; cr Dkt. 55 at 31-33).

1

Law enforcement officers approached him at a car wash while he was vacuuming a vehicle, and he jumped in the vehicle, struggled with the officers, and "reached in the direction of two guns that were either on or leaning up against the front passenger seat." (cr Dkt. 23 at 17). After his arrest, officers found a bandana associated with gang membership and 26.35 grams of methamphetamine in the vehicle. (Id. at 18).

Also at the change of plea hearing, Gomez-Carbajal confirmed that he fully discussed the charges and had an opportunity to review the facts and evidence with his attorney, and that he was satisfied with his attorney's advice and representation. (cr Dkt. 55 at 7-9). He denied being threatened or forced to plead guilty, and understood that by pleading guilty he may be subject to deportation and was waiving certain constitutional rights, including the right to a jury trial. (Id. at 11-13, 19-21). He further acknowledged the mandatory minimum and maximum sentences on Counts Two and Three. (Id. at 14, 16). His guilty plea was accepted as intelligent, knowing, and voluntary, and he was adjudicated guilty. (Id. at 34; cr Dkts. 29, 31).

The presentence investigation report (PSR) calculated Gomez-Carbajal's total offense level as 23. (cr Dkt. 43 ¶ 28). With a criminal history category of IV, he faced a guidelines range of 70-87 months and a minimum term of five years imprisonment on Count Two, and a consecutive minimum term of five years on Count Three. (Id. ¶¶ 79-81). There were no objections to the PSR or the application of the guidelines. (cr Dkt. 50 at 5-6).

Gomez-Carbajal was sentenced to 70 months on Count Two and a consecutive term of 60 months on Count Three. (Id. at 20, 23-24). He appealed, and his counsel filed an *Anders*[1] brief. (cr Dkt. 44; cv Dkt. 4-1). After an "independent review of the entire record," the Eleventh Circuit

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

found that counsel's "assessment of the relative merit of the appeal is correct," and affirmed the convictions and sentence. *United States v. Gomez-Carbajal*, 772 F. App'x 836 (11th Cir. 2019).

In his § 2255 motion, Gomez-Carbajal claims that his counsel was ineffective in failing to move to suppress evidence found in his vehicle and that his criminal history category was miscalculated.[2] (cv Dkt. 1). The United States responds that the claims are without merit. (cv Dkt. 4). The Court agrees.[3]

## STANDARD

To establish ineffective assistance of counsel, Gomez-Carbajal must demonstrate that (1) counsel's performance was constitutionally deficient, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. And "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial

---

[2] Gomez-Carbajal also filed a reply. (cv Dkt. 10). This Court is mindful of its responsibility to address and resolve all claims raised in his motion. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254"). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

For example, Gomez-Carbajal contends in his reply that counsel violated attorney-client privilege by addressing discussions between them in an affidavit included in the United States' response. (cv Dkt. 10 at 1-4). The claim is nonetheless without merit. *See Diaz v. United States*, No. 2:19-CV-419FtM-29-MRM, 2020 WL 1027334, at *4 (M.D. Fla. Mar. 3, 2020) (collecting cases).

[3] An evidentiary hearing is unnecessary since the § 2255 motion "and the files and records of the case conclusively show that [Gomez-Carbajal] is entitled to no relief." 28 U.S.C. § 2255(b).

strategy." *Id.* (citation and internal quotation marks omitted).

The *Strickland* test also applies to challenges of guilty pleas. *See Scott v. United States*, 325 F. App'x 822, 824 (11th Cir. 2009). The Eleventh Circuit explains:

> In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process, meaning the defendant must show a reasonable probability that, but for counsel's errors, he would have entered a different plea.

*Id.* (internal quotation marks and citations omitted); *see Lafler v. Cooper*, 566 U.S. 156 (2012).

Notably, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial," and "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel must make an "independent examination of the facts, circumstances, pleadings and laws involved, [and] offer his informed opinion as to the best course to be followed in protecting the interests of the client." *Id.* Collateral relief is only available if a petitioner "prove[s] serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Lopez v. Reid*, No. 214CV584FTM38MRM, 2017 WL 2869405, at *2 (M.D. Fla. July 5, 2017) (quoting *McMann v. Richardson*, 397 U.S. 759, 774 (1970)).

## DISCUSSION

Because Gomez-Carbajal cannot show that his counsel's performance was deficient or that he suffered prejudice, his ineffective assistance of counsel claim fails. Second, the challenge to his criminal history category is procedurally defaulted, not cognizable, and without merit.

*Ground One*

In Ground One, Gomez-Carbajal contends his counsel was ineffective in

> Failing to move the court for a suppression hearing when law enforcement conducted a warrantless search of the petitioners weapon which yielded evidence that should have been suppressed.

(cv Dkt. 1 at 4). In his memorandum, he explains that law enforcement searched his vehicle after officers approached him at a car wash, handcuffed him, and placed him in the backseat of a patrol vehicle. (cv Dkt. 2 at 5-11). However, as the United States observes, Gomez-Carbajal waived claims relating to pre-plea ineffective assistance of counsel by pleading guilty. *See, e.g.*, *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979); (cv Dkt. 14 at 13-14). Even if not waived, the claim is without merit.

"To obtain relief where an ineffective assistance claim is based on trial counsel's failure to file a timely motion to suppress, a petitioner must prove: (1) that counsel's representation fell below an objective standard of reasonableness, (2) that the Fourth Amendment claim is meritorious, and (3) that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006). Gomez-Carbajal has not established that counsel's representation fell below an objective standard of reasonableness or that his Fourth Amendment claim is meritorious.

The United States contends that the firearms were in plain view, that any search was incident to arrest, and that the evidence would have been discovered during inventory of the vehicle. (cv Dkt. 4 at 14-16). A reasonable attorney could have determined that, given the circumstances indicating a lawful search, a motion to suppress would have been unlikely to

5

succeed.[4] Indeed, as Gomez-Carbajal admitted, when officers reached into the vehicle to arrest him, he "struggled and reached in the direction of two guns that were either on or leaning up against the front passenger seat."[5] (cr Dkt. 23 at 17-18; cr Dkt. 55 at 31). And although the methamphetamine was inside a pouch, it would have been reasonable for an attorney to believe that the evidence was lawfully seized during a search incident to arrest and, in any event, would have been found during inventory of the vehicle. Accordingly, Gomez-Carbajal has not established that counsel was ineffective, and Ground One is due to be denied.

*Ground Two*

In Ground Two, Gomez-Carbajal contends his criminal history "was miscalculated by one (1) point which elevated him to a criminal history category of IV when it should have been III." (cv Dkt. 1 at 5). He explains that it was improper to score a sentence of probation imposed when he was younger than 18 years old and more than five years prior to the commencement of the instant offense.[6] (cv Dkt. 2 at 12-14). However, he is not entitled to relief.

First, as the United States correctly contends, the claim is not cognizable in this proceeding. (cv Dkt. 4 at 7). An incorrect criminal history category does not constitute a "fundamental defect

---

[4] The United States notes that, as averred by counsel in his affidavit, Gomez-Carbajal omitted facts relevant to a potential motion to suppress, including that the officers searched his vehicle only after they attempted to arrest him because of active warrants for his arrest. (cv Dkt. 4-2 ¶¶ 12-14). Counsel also avers that he discussed with Gomez-Carbajal the issues with a motion to suppress. (Id. ¶ 17). It is, in any event, unnecessary to rely on counsel's affidavit to resolve the claim, since the motion and record demonstrate that Gomez-Carbajal is not entitled to relief.

[5] In his reply, Gomez-Carbajal asserts that he did not reach for the firearms, which were located under the passenger seat and therefore not in plain view. (cv Dkt. 10 at 8). This contradicts the stipulated factual basis in the plea agreement and his statements at the change of plea hearing. Indeed, "[t]here is a strong presumption that statements made during the plea colloquy are true," and Gomez-Carbajal "bears a heavy burden to show that his statements under oath were false." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citations omitted).

[6] As to offenses committed prior to age eighteen, district courts add one criminal history point for "each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense . . . ." USSG § 4A1.2(d)(2)(B) (2016).

6

which inherently results in a complete miscarriage of justice," such that relief under § 2255 is available. *Spencer v. United States*, 773 F.3d 1132, 1138-40 (11th Cir. 2014). The claim is also procedurally defaulted because Gomez-Carbajal did not raise the issue at sentencing or on appeal.[7]

To the extent that Gomez-Carbajal argues that counsel's ineffective assistance excuses the procedural default, or that he raises an independent ineffective assistance of counsel claim, the claim is due to be denied. (cv Dkt. 2 at 14; cv Dkt. 10 at 5); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986). He cites no authority supporting his contention that failure to challenge the scoring of a crime committed as a minor constitutes deficient performance.

Additionally, Gomez-Carbajal has not established prejudice, since the sentence imposed on Count Two fell within the guidelines range applicable with a criminal history category of III and there is no indication that, with a different guidelines range, the Court would have imposed a lower sentence.[8] *See United States v. Gray*, 698 F. App'x 589, 590 (11th Cir. 2017) (finding no prejudice on plain error review where imposed sentence was within the requested guidelines range and petitioner did not demonstrate "that the district court would have imposed an even lower

---

[7] The Eleventh Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). Cause requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim previously." *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir. 2004) (citations and internal quotation marks omitted).

[8] Gomez-Carbajal contends that a "recalculation of [his] sentence with respect to 21 USC 841" yields a base offense level of 22, reduced three levels for acceptance of responsibility, resulting in a guidelines range of 37-46 months. (cv Dkt. 2 at 14-15). However, he is incorrect that 26.35 grams of methamphetamine (actual) yields a base offense level of 22. (Id. at 15). And in any event, Count Two carried a mandatory minimum sentence of 60 months.

sentence"); *see also Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016) (suggesting that a defendant might fail to demonstrate prejudice if the record shows "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range").

Indeed, in following the United States' recommendation of 70 months on Count Two, the Court rejected counsel's request for the mandatory minimum of 60 months. (cr Dkt. 50 at 7, 11). And in making its recommendation, the United States noted that it could go "no further in terms of [the sentence] being lower . . . because . . . there are several things that the guidelines in this case do not take into account," including Gomez-Carbajal's previous four removals from the United States and his reaching in the direction of two loaded firearms during arrest. (Id. at 9-10). The Court agreed that the removals, the dangerousness of the conduct during the crime and arrest, and the indication of gang affiliation were additional factors that dictated a 70-month sentence on Count Two. (Id. at 18-20).

Accordingly, Gomez-Carbajal has not shown that, with a different guidelines range, the Court would have imposed a lower sentence.[9] And following an "independent review of the entire record," the Eleventh Circuit agreed with counsel's "assessment of the relative merit of the appeal" in affirming the convictions and sentence. *Gomez-Carbajal*, 772 F. App'x 836. Ground Two is therefore due to be denied.

---

[9] In *United States v. Aristil*, 787 F. App'x 1023 (11th Cir. 2019), the court found prejudice resulting from the incorrect assessment of a sentence imposed as a minor under USSG § 4A1.2(d)(2)(B). That claim, however, was raised on direct appeal, and there were no "unusual circumstances" indicating that the defendant did not suffer prejudice. *Aristil*, 787 F. App'x at 1025-26. As discussed, here the sentence on Count Two fell within the guidelines range excluding the contested one-point assessment, and there were additional factors that guided the sentence.

*Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Gomez-Carbajal to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c)(2). Because he has not met this standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Gomez-Carbajal's § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed enter judgment in favor of the United States and against Gomez-Carbajal, and to **CLOSE** the case.

**DONE AND ORDERED** this 13th day of May, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record